## TABER v. RAUCH.

Circuit Court of Appeals, Fifth Circuit.
November 29, 1927.

No. 5178.

Sales ⬷⟿425—Purchaser, accepting considera-
tion paid for pearls and returning them to
seller, was precluded from suing for breach of
warranty.

Where seller of pearls, on learning they
were not genuine, returned consideration, which
purchaser accepted, with subsequent return of
pearls, a complete rescission of contract re-
sulted, precluding purchaser's suit for breach
of warranty; such remedy being inconsistent
with rescission and exclusive thereof.

In Error to the District Court of the
United States for the Northern District of
Texas; William H. Atwell, Judge.

Action by Louis Rauch against Eugene
Taber, trading as the Taber Manufacturing
Company, wherein defendant filed a cross-
action. Judgment dismissing the cross-ac-
tion, and granting plaintiff's motion to dis-
miss, and defendant appeals. Affirmed.

Alvin H. Lane, of Dallas, Tex. (Donalson
& Bullard and Winfrey & Lane, all of Dallas,
Tex., on the brief), for plaintiff in error.

John Davis, of Dallas, Tex. (McNees &
Roberts and Davis, Synnott & Hatchell, all
of Dallas, Tex., on the brief), for defendant
in error.

Before WALKER, BRYAN and FOS-
TER, Circuit Judges.

BRYAN, Circuit Judge. Rauch sued
Taber for the purchase price or return of cer-
tain pearls. In an amended answer and
cross-action filed at the trial, Taber made an
unconditional tender of the pearls, and also
sought to recover damages for Rauch's breach
of warranty as to their quality and value.
Rauch accepted the tender in open court, re-
ceived the pearls, and moved to dismiss his
suit. The trial court allowed Taber to file a
second amended answer and cross-action, but
later sustained a general demurrer and en-
tered judgment dismissing it, at the same
time granting Rauch's motion to dismiss his
suit. Taber assigns error, and contends that
his cross-action states a case which entitles
him to recover damages for breach of war-
ranty. The material facts as alleged by him
are these:

On December 5, 1925, Rauch offered to
sell him two strings of pearls, which he rep-
resented and warranted to be genuine Orien-
tal pearls. Taber, in reliance upon this rep-
resentation and warranty, and being induced
thereby, purchased the pearls for $3,300, and
gave Rauch two checks and a note in full
payment of the purchase price. Before mak-
ing the purchase, Taber told Rauch that he
had two prospective purchasers, and that, if
he should buy the pearls, he would do so for
the purpose of making resales. Rauch re-
plied that he ought to make a profit of 100
per cent. Taber sold the pearls at a profit of
$2,900. On December 8, 1925, Rauch wrote
to Taber that he had received information
which convinced him that the pearls were not
genuine Oriental pearls, but were Japanese
cultured pearls, and returned the two checks
and the note which he had received in pay-
ment. Taber canceled the sales to his cus-
tomers and did not realize any profit. The
damages sought to be recovered were the $2,-
900 which Taber would have realized, if the
pearls had been genuine Oriental pearls as
represented.

Rauch promptly returned the two checks
and the note received in payment for the
pearls, which Taber accepted and kept, with
the result that no consideration was actually
paid. When, at the suit of Rauch, the pearls
were returned to him by Taber, a complete
rescission of the contract of sale resulted.
Taber had a choice of remedies. He could
sue for rescission, or for damages for a
breach of warranty; but he could not take
back the consideration, return the pearls, and
maintain a suit for breach of warranty.
These remedies are inconsistent, and exclu-
sive of each other. Wilson v. New United
States Cattle-Ranch Co. (C. C. A.) 73 F.
994; 24 R. C. L. 235; 13 C. J. 611; Willis-
ton on Contracts, § 1464; Williston on Sales,
§ 612.

The judgment is affirmed.